IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THOMAS KELLY, ) | |
| ) | |
| Debtor. ) | |
| | |
| ERIC N. GROSCH, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:05cv047-T |
| THOMAS KELLY, ) | (WO) |
| ) | |
| Appellant. ) | |

OPINION

Appellant Eric N. Grosch is appealing from an unfavorable adversary-proceeding judgment which was rendered on November 30, 2004.  Under Fed. R. Bank. P. 8002(a), a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."   However, Grosch did not file a notice of appeal (which contained several deficiencies) until January 6, 2005.  As excuses for his untimely notice, Grosch cites difficulty contacting the court in order to obtain the details of the

judgment and confusion surrounding the time frame within which to file an appeal.  (Grosch mistakenly used the 30-day-time-period which he claims to have found for appeals on the website of the Eleventh Circuit Court of Appeals).  While it is true that, "upon a showing of excusable neglect," the court may extend the time for filing a notice of appeal, "[a]n extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal."  Fed. R. Bank. P. 8002(c)(2).  Because, in this case, the time for filing a notice of appeal expired 10 days after the entry of judgment, the extension of time for filing a notice of appeal could not have exceeded 20 additional days, or a total of 30 days after the entry of judgment on November 30, 2004.  Therefore, because Grosch's notice of appeal was filed 36 days past the entry of judgment, it is untimely.

    An appropriate judgment will be entered.

    DONE, this the 30th day of September, 2005.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**